Okay, that brings us to our second case this morning, number 22-1990, SITO Mobile v. Hulu. Again, Mr. Schreiner. May it please the Court, I'm Steve Schreiner here on behalf of Patent Owner and Appellant, SITO Mobile R&D IP. I'm going to go directly into what we believe is the key issue, which is Claim 10 of the 846 patent. And it's also replicated in Claim 10 of the 637 patent. Claim 10 recites that the place script includes one or more other segments. Is this any different from the portions argument that we've heard before? It is similar to the portions argument, yes. Insofar, the dependent claim recites other segments in addition to the segments recited in the independent claim. Isn't the question whether a segment can be a whole movie or a whole video? That's the issue, right? Yeah, I think that's correct. So if the database or what have you that the video is coming from, where there's video storage, contains multiple movies, then why couldn't, you know, the question, don't you have a dependent claim that refers to having other segments in addition to segments doesn't really seem to answer the question. The bigger question, right, is whether what a segment or a portion is. Yes, Your Honor, I think that's entirely correct. And so first we look at the plain and ordinary meaning of the term segment or portion. The plain and ordinary meaning of segment or portion is something that is less than a whole, something that is incomplete. Then the question is, what's the whole? The whole would be, if the requested media is a movie, then the movie is the whole. Suppose I request Lord of the Rings Part 1, Lord of the Rings Part 2, and Lord of the Rings Part 3, and I want to watch them throughout the day and a half that it would take. Would those, in your view, not be separate segments? Yes, that's correct, Your Honor. If you wanted to have a movie night, as you described, each of those Lord of the Rings movies is a self-standing piece of media content. It's not a portion. It is not incomplete, pursuant to the plain and ordinary meaning of portion or segment. It's not a segment. That's correct. Even though it is a segment of the Lord of the Rings trilogy. It's one title and a sequence of three complete movies that you're going to watch that night, Your Honor, yes. What about the examples in the specification that talk about having, like a trailer, then the movie? Your Honor, there's an example about having, I think, having multiple pay-per-view sporting events. Are you referring to examples in the specification? I am, I am. Would those seem to be the whole that we're talking about? I mean, certainly the reference to, let's say, an advertisement, that's an entire media item. The reference to a movie is an entire media item. How do I know that? Because the specification describes, for example, it describes a portion. For example, there's a reference in the specification that media may include part of the media clip. This is in the 846 patent, column four, lines 58 through 59. So the specification discloses the concept of portions or segments being something that is less than the whole, something that is incomplete. So... And it's your view that it does so consistently and that there's no other possible meaning from the specification itself? For the term portion or segment? Yes, I don't believe there's an alternative explanation or construction of it. That, of course, with regard to an advertisement, nobody requests an advertisement, so an advertisement is never going to be part of a request for media, just as an aside. Is what you're suggesting that the specification, every time it uses the word segment, refers to a subset of a whole? That's correct, Your Honor. Yes. But other than that, what's the support for your construction that a segment can't be a whole item? It's the plain and ordinary meaning of segment. You know, just if you look at the dictionary definition for a portion or a segment, and by the way, Cito acknowledged, stipulated that those two terms are essentially synonymous for purposes of these appeals. Portion and segment. Yes. So the definition of a portion is something less than the whole. But, again, that begs the question, what's the whole? So in your claim, I'm looking at claim one, for example, it talks about video content and one or more segments of the stored video content, which could be the entire trilogy, as opposed to, or even more, it could be 60 movies, as opposed to just one movie. It's not specific. I agree with Your Honor that the language in, for example, claim one of the 846, regarding the request for video content is somewhat broad. But, again, the claim does go on to provide that what is identified and delivered are segments of video content. And, again, it's Cito's position that segment. What if the whole movie was delivered? That would be a segment. I'm sorry? If my interpretation of video content is correct, and say it's 10 movies, then if one movie is delivered, that would be one segment. Cito's position would be that that wouldn't be covered by the claim. The claim requires an identification and delivery of segments of the requested video content, so things that are less than a whole. So if it's a request for a movie, then that fits within the scope of the claim. If the request were, in your hypothetical, a request for five movies, that would be My hypothetical is that the video content contains 10 movies, and I request one of them. Why would that not read on the claim? It wouldn't read on the claim because a movie, one movie, is a stand-alone media item. It could be a segment of the whole store of content, right? Respectfully, not within the meaning of the claim as read in light of the specification. That is Cito's position. If there are no further questions on the issue of one or more other segments regarding Claim 49, I'll turn to the issue regarding Independent Claim 1, and it also pertains to Independent Claim 34, where there is a separately recited resources server for delivering the requested video content, which is separate and distinct from an advertising server which delivers advertising content. And Cito respectfully submits that the Board erroneously construed those limitations because the Board found that the recited resources server for delivering the requested video content could be the same as the advertising server for delivering the advertising content. The Board stated, let me find the passage. The Board disagreed with the Patent Owner's position that the resources server is different and separate from the advertising server. Here's the quote from the Board. The Board stated, we disagree with Patent Owner's implicit contention that the resource and the advertising server must be separate servers. Here in the next paragraph they go ahead and say, well, even if resource and advertising service must be separate servers, we find that the combination of references accounts for this limitation. But why is the Board's, if it's an error, why is the Board's error meaningful? Why does that lead us to conclude that we have to reverse, given the alternative ground that the Board recited? Yes, Your Honor. The reason the Board is still incorrect is that in applying that alternative construction, the Board cited to a, quote, unquote, placeholder server in the AAAF reference. That's the All About ASX Files reference. It's called AAAF reference. And there's a reference there to a server named NS server. And so the issue was that the, Hulu's initial read was that this NS server in the AAAF reference discloses delivery of video content, and that same NS server discloses the delivery of advertising content. And CEDAW came back and said that's incorrect under a proper claim construction. You can't have the same server, this NS server. So the Board's backup position was an argument that CEDAW submitted, that Hulu submitted on reply, where it said, oh, the NS server, that's just merely a placeholder. And it could be multiple servers. But CEDAW respectfully submits that that's incorrect. But your own expert, 6256, said specifically that they don't have to be the same. I don't believe they must be, meaning the same, but they can be. Again, I think CEDAW's expert there was speaking generically to the technology and not linking it to the specific claim. That's a hard reading of that because the question specifically relates to Claim 1. For your analysis of Claim 1, did you understand the resource and the advertising server must be two separate servers? I don't believe they must be, but they can be. That's not a generic statement. That's about Claim 1. If you look at the reference, the AAAF reference, the total, the Board's reliance is on this NS server. That's a different issue, right? So the expert's testimony goes to the separate question of claim construction and whether they're two separate elements. That's one issue. And you have both of these to override. So one is claim construction, and the second one is whether substantial evidence supports the Board's fact-finding on what the prior art teaches, right? Right. So your answer about your expert should be talking about claim construction, not about what the prior art teaches. Okay. I appreciate the direction, Your Honor. The expert's testimony is, of course, extraneous evidence. And extraneous evidence cannot override the plain meaning of the claim if the claim is not ambiguous. If the intrinsic evidence consisting of the claim language and the specification support shows that the advertising server and the resources server are separate, that can't be overridden by the expert's extraneous testimony. And, by the way, who or the Board alleged that this claim was ambiguous in this respect? So that's the answer on the claim construction issue. On the issue of the application of the proper construction to the claim, the AAA reference discloses this NS server. It doesn't say anywhere in that AAA reference that the NS server is a placeholder server. In fact, it's representing multiple servers. In fact, this AAA reference does refer to multiple different servers. This is in appendix... NS server is a placeholder. It could be the same server. It could be different servers. Didn't the Board rely on that same testimony for that finding? As I said, Your Honor, to the extent that it's a claim construction issue, which it is, I think, as you pointed out, it's extraneous evidence. I guess I'm misspeaking. What about where the expert agreed that the NS server is a placeholder? That is contrary to what the AAA reference teaches. The AAA reference doesn't say anywhere that the NS server is a placeholder. So you want us to say that Your Honor, the expert's testimony isn't substantial evidence? No, I want to look at the reference. So the reference describes multiple servers. NS server, server 2, the netshow.microsoft.com server. So the reference already discloses multiple different servers. So the notion that one of these, this NS server, is actually a placeholder for multiple servers is just not supportable in the reference. And I refer the Court to pages 4 through 5 of the AAAF reference, appendix 1587 to 1588. And second, even if the NS server was a quote-unquote placeholder, there's no teaching or suggestion in the AAAF reference that video content would be stored on a first server, for example, NS server 1, and that the ad content would be stored on a separate server. Let's call it NS server 2. So the placeholder argument, even if accepted, doesn't meet the claim limitation requiring a separate resource and server for delivering the media content and a separate advertising server for delivering the advertising content. And additionally, we would point out that Hulu's placeholder theory was first presented on reply. It wasn't presented in its petition. And we would submit that the issue of the resources server and the advertising server being separate was very evident in the claim, and it was an entirely foreseeable issue that should have been addressed in the petition, and the Board shouldn't have considered this placeholder argument that was submitted on reply for the first time before the Board. I think we're, again, out of time, Mr. Schreiner. Okay. So respectfully, we submit that the Board should be reversed. Thank you. And Mr. Williamson. Good morning, and may it please the Court. Brett Williamson on behalf of the Applee Hulu. I'll address first and very briefly because I think the panel has correctly discerned the issue here. The question is not one or more segments in a vacuum. The question is one or more segments of the stored video content. And the specification is replete with references to the fact that the stored video content can be an entire movie with a movie trailer or a series of full media items. There's simply nothing to suggest that one or more segments, and the word segments in particular, must be pieces of an item. And that's the crux of the argument. All counsel has pointed to is that it may be, and it's possible that it could mean both a full media item and portions of a full media item. All it has to do is mean one or the other or both for purposes of application of the art on each of the applicable grounds. And as the panel pointed out, the expert that CEDAW designated acknowledged as much. Even if, and this is the last point I'll make on this, even if a segment cannot be a full media item, and that's what this argument requires, that Borg found substantial evidence for the fact that the All About ASX files teaches one or more segments because it uses these REF ref tags to transmit segments of a media file. Again, CEDAW's expert agreed that that's what one of ordinary skill in the art would have understood All About ASX files to be teaching.  It was not challenged on appeal here. The alternative grounds for affirming the board here has not been challenged. So let me turn then to the idea that the resource and the advertising server in Claim 1 need to be separate or satisfied by separate elements. The specification, of course, is the best source of the proper interpretation of a claim. And here, the specification identifies a single structure, the MMS, the managed media switch, as being both the content resource and the source of the advertisement. And that's Appendix 382 from the specification of the 846 patent. CEDAW adopted that in its own briefing here, or in its briefing below, before the board at Appendix 3928 and 3929. And further, again, CEDAW's expert agreed that it could be, as the court pointed out, that these resource and advertising server elements can be satisfied by the same element as it indisputably is by the grounds of invalidity here in the obviousness combination. The only other point I want to make is this alternative argument. Again, the idea that Hulu did not raise that the AAAF reference could be referring to NN server for placeholder. That, of course, was in response to a contradictory claim interpretation to what the specification says. So to the extent that Hulu addressed the idea of the art covering what the specification discloses as the meaning of these two different items in the claim, that's simply a responsive alternative argument. But as the board found, both the reference, the ASX file reference, and CEDAW's expert, again, and I have an additional cite to Appendix 6214 and 15, discloses an agreement that even if the claim requires two different elements for the resource and the advertising server, that is met by the combination under Ground 1 and Ground 2. So unless there's any other questions. Was there a certify in this case? I don't remember. No, I don't believe so, no. No, okay.  Thank you, Mr. Warren. Thank you. Mr. Schreiner, two minutes. Yes, Your Honor. Just a couple of brief follow-ups. Again, I want to reiterate that Claim 10 recites one or more other segments, and that's an erroneous claim construction that the board arrived at and applied, and the claim clearly requires the delivery of multiple segments, and that's a claim construction error that should be reversed on this appeal. Secondly, the comment by opposing counsel about ASX files teaching segments, if you look at the AAAF reference where it was cited, it refers to several things. It refers to an ASX file having a Title 1, Title 2, Title 3, describing essentially three different movies. So those are not segments. Those are self-standing media items. And as for the comment about CEDAW allegedly agreeing with the construction of the resources server vis-à-vis the advertising server, CEDAW in its papers below and here on appeal has consistently taken the position that the resources server and the advertising server are separate and distinct, as recited in the claim and as supported in the specification that I cited in my opening comments. With that, if there are any other questions, I'm happy to address those. Otherwise, I am finished with my remarks. Okay. Thank you. I think that counsel's case is submitted.